# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JANICE MOORE DAVIS,
        Appellant,

    v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
DC-315H-22-0654-I-1

DATE: April 4, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Janice Moore Davis, Bridgeton, North Carolina, pro se.

Dominique Bogatz, Esquire, Richmond, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. For the reasons set forth herein, we GRANT the appellant's petition for review. We AFFIRM as MODIFIED the administrative judge's conclusion that the appellant does not have a statutory right to appeal her removal, REVERSE the administrative judge's conclusion that the appellant failed to make a nonfrivolous

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

allegation of a regulatory right of appeal, and REMAND the matter to the Washington Regional Office for further adjudication consistent with this Remand Order.

## ANALYSIS

In the initial decision, the administrative judge concluded that the Board lacks jurisdiction over this appeal, which concerns the appellant's probationary termination from her position in the competitive service. Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 1-2, 4. In so concluding, he found that the appellant had "not [met] the applicable statutory criteria that would have afforded her Board appeal rights." ID at 3. He acknowledged that a probationary employee has Board appeal rights if she alleges that her termination was based on partisan politics or marital status discrimination; however, he concluded that the appellant had not made a nonfrivolous allegation that either partisan politics or marital status discrimination had precipitated her removal. ID at 2-3.

We modify the initial decision to clarify why the appellant does not have a statutory right to appeal her removal to the Board.

As indicated, the administrative judge found that the appellant does not have a statutory right to appeal her removal. ID at 3. We agree with this conclusion; however, we clarify the basis therefor. Only an "employee," as defined under 5 U.S.C. chapter 75, can appeal an adverse action to the Board. *Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 8 (2017), *aff'd sub nom. Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018); *see* 5 U.S.C. §§ 7511(a)(1), 7513(d). At the time of the appellant's March 28, 2022 appointment, in order to qualify as an "employee" of the Department of Defense with Board appeal rights under chapter 75, an individual appointed to the competitive service had to show that she was not serving a probationary period or had completed 2 years of "current continuous service" under appointment to a

permanent position.[2]  IAF, Tab 8 at 7-10; *see* 5 U.S.C. § 7511(a)(1)(A); 10 U.S.C. § 1599e; *see also Bryant v. Department of the Army*, 2022 MSPB 1, ¶¶ 8-10 (finding that the appellant, who was appointed to a competitive service Department of Defense position while 10 U.S.C. § 1599e was in effect, was subject to a 2-year probationary period).  Here, the record indicated that the appellant was removed from her position after only approximately 5 months of Federal service, and she has not alleged otherwise.  IAF, Tab 1 at 1, Tab 8 at 7-10, 15.  Accordingly, we agree that the appellant does not meet the definition of "employee" under 5 U.S.C. chapter 75 and, therefore, does not have a statutory right to appeal her removal to the Board.

We reverse the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation of a regulatory right to appeal her removal.

We agree with the administrative judge's conclusion that the appellant did not allege that her termination was based upon either partisan politics or marital status, which would give rise to a regulatory right of appeal under 5 C.F.R. § 315.806(b).  ID at 2-3; *see Blount v. Department of the Treasury*, 109 M.S.P.R. 174, ¶ 5 (2008).  The administrative judge, however, did not consider that, under 5 C.F.R. § 315.806(c), a probationary employee also has a regulatory right of appeal on the grounds that the agency terminated her for reasons arising preappointment without complying with the procedural requirements of 5 C.F.R. § 315.805, e.g., advance written notice of the proposed termination and the opportunity to provide a written response.  *See Blount*, 109 M.S.P.R. 174, ¶ 5.

---

[2] Congress enacted the National Defense Authorization Act for Fiscal Year 2016 (2016 NDAA) on November 25, 2015.  Pub. L. No. 114-92, 129 Stat. 726.  The 2016 NDAA extended the probationary period for an individual appointed to a permanent competitive service position at the Department of Defense to a 2-year probationary period and provided that such individual only qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) if she has completed 2 years of current continuous service. Pub. L. No. 114-92, § 1105, 129 Stat. 726, 1023-24 (codified, as relevant here, at 10 U.S.C. § 1599e and 5 U.S.C. § 7511(a)(1)(A)(ii)).  The National Defense Authorization Act for Fiscal Year 2022, enacted on December 27, 2021, repealed 10 U.S.C. § 1599e and the 2-year probationary period, effective December 31, 2022. Pub. L. No. 117-81, § 1106, 135 Stat. 1541, 1950.

Here, although the Standard Form 50 (SF-50) effecting the appellant's removal indicated that she was removed for "[d]isrespectful behavior," IAF, Tab 8 at 15, the agency's August 12, 2022 notice of termination, of which the appellant submitted a copy, stated that she was removed because she had failed to "demonstrate fitness for continued employment" and had "exhibited a pattern of conduct and performance . . . inconsistent with that required of [her position]," IAF, Tab 3 at 2-4, Tab 8 at 12-15.[3] The termination notice discussed, among other things, how the appellant had misrepresented her computer-related skills on her résumé. IAF, Tab 8 at 13. To this end, the notice stated as follows: "[A] process confirmed that your computer skills were in fact minimal, as previously reported by [another agency employee]. I explained that you don't have the computer/application skills you proclaim to have, and which are listed on your [résumé]." *Id.* The letter also provided as follows: "I reviewed your [résumé] which lists your skills using Microsoft applications of Word, Excel, Outlook, Power Point, Quick Books and E-procurement systems. Additionally, it states you are a Certified Acquisition Professional. Your Acquisition Career Brief does not have those credentials recorded." *Id.* In her filings before the administrative judge, the appellant referenced the agency's allegations that she had provided false information on her résumé and asserted, among other things, that the agency had falsely accused her of lying. *E.g.*, IAF, Tab 9 at 11.

Based on the above, we find that the appellant has made a nonfrivolous allegation that the agency effected her removal for reasons based in part on conditions arising before her appointment; indeed, the appellant alleged, and the decision letter suggested, that her removal was precipitated, at least in part, by the agency's belief that she had falsified her résumé. *See Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 14 (2013) (explaining that preappointment reasons, or "conditions arising before appointment," include matters such as the

---

[3] Although the August 12, 2022 termination notice indicated that the appellant's removal was "effective immediately," the corresponding SF-50 indicated that the appellant was removed on August 19, 2022. IAF, Tab 8 at 12, 15.

falsification of an employment application). Moreover, the record suggests that the appellant was not provided with written notice and an opportunity to respond to her notice of termination, i.e., that the agency failed to comply with the procedural requirements of 5 C.F.R. § 315.805. IAF, Tab 8 at 12. We therefore find that the appellant has made nonfrivolous allegations of Board jurisdiction and that she is entitled to a jurisdictional hearing; accordingly, we remand the matter. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (explaining that an appellant is entitled to a jurisdictional hearing if the appellant makes a nonfrivolous allegation of Board jurisdiction).

On remand, the administrative judge shall determine if the appellant has proven, by preponderant evidence, that the agency removed her, at least in part, for preappointment reasons and failed to comply with the requirements of 5 C.F.R. § 315.805. *See* 5 C.F.R. § 1201.56(b)(2)(i)(A). If he finds that the appellant has established Board jurisdiction on this basis, the merits of the agency's decision to remove the appellant are not before the Board; rather, the sole issue before the Board is whether the agency's failure to follow the procedures set forth in section 315.805 constituted harmful error. *See LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 7 (2016). If harmful error is established, then the agency's action must be set aside.[4] *Id.*

The appellant's assertion that she is a whistleblower does not warrant a different outcome.

The appellant vaguely asserts on review that she would "like to change [her] plead [sic] to a protected whistleblower, by reporting [her] supervisor [for] abuse of authority." Petition for Review (PFR) File, Tab 1 at 1.[5] Because the

---

[4] On her initial appeal form, the appellant checked a box indicating that she wished to appeal a "[n]egative suitability determination." IAF, Tab 1 at 3. On remand, the administrative judge shall clarify the basis for this apparent claim.

[5] The appellant provides several documents with her petition for review, to include documents regarding her dental health, documents regarding training, letters of recommendation, various annotated email correspondence, and documents suggesting that the appellant previously served in the U.S. Air Force. PFR File, Tab 1 at 18-103.

appellant did not discernably raise this allegation prior to the issuance of the initial decision, the administrative judge did not inform her of the applicable burden of proof with respect to establishing Board jurisdiction for individual right of action (IRA) appeals pursuant to 5 U.S.C. § 1221. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). The Board has jurisdiction over such appeals only if, among other things, the appellant has exhausted her administrative remedies before the Office of Special Counsel (OSC). *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 9 (2011). Here, there is nothing in the record to suggest that the appellant has exhausted her OSC administrative remedies. IAF, Tab 1 at 4; *see Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 11, 14 (explaining the requirements of exhaustion). Accordingly, we discern no basis for Board IRA jurisdiction at this time. Should the appellant exhaust her administrative remedies with OSC, she may file a separate IRA appeal in this regard. *See* 5 U.S.C. §§ 1221, 1214; 5 C.F.R. part 1209.

---

The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). In any event, these documents do not warrant a different outcome. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.